**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-20-00166-001-TUC-JCH (JR) |
| Plaintiff, | **ORDER** |
| v. | |
| Celia Nataly Monteverde, | |
| Defendant. | |

Before the Court is Magistrate Judge Rateau's Report and Recommendation ("R&R") recommending that the district court grant Defendant's Motion to Dismiss Indictment. (Doc. 31.) No objections were filed and the time for filing an objection has elapsed.[1] The Court will not consider any new arguments or evidence. The R&R will be adopted in full, and the indictment will be dismissed with prejudice.

## I.   BACKGROUND

On December 10, 2019, Defendant Celia Nataly Monteverde ("Defendant") entered the United States from Mexico using the DeConcini Port of Entry in Nogales, Arizona. (Doc. 31 at 2.) Customs and Border Protection officers allegedly discovered cocaine and methamphetamine concealed in the vehicle she was driving. *Id*. On December 11, 2019, Defendant was arrested and temporarily detained at her initial appearance. *Id*.

The pretrial services report indicated Defendant had no prior convictions, had been a legal permanent resident of the United States since 2015 and had lived in Arizona with

---

[1] On October 28, 2021, the Court denied the Government's Motion to Extend the Time to File Response.

her common-law husband and their two United States citizen children for three years in a home her husband was purchasing. (Doc. 31 at 2.) Information from Immigration and Customs Enforcement ("ICE") indicated that while she was in the United States legally, Defendant was under removal proceedings. *Id*. The assigned Pretrial Services Officer recommended that Defendant be released. *Id*.

On December 13, 2019, Defendant appeared with counsel at her detention hearing. *Id*. Over the Government's objection, Defendant was released on her own recognizance. Among her release conditions, Defendant was ordered to appear at all proceedings, report to pretrial services as directed and advise her attorney and Pretrial Services in writing prior to changing her Arizona City, Arizona address or phone number. *Id*. at 2-3. Defendant was also ordered not to travel outside the State of Arizona without Court permission, to surrender all travel documents by a specified date and not to obtain a passport or other travel document during the pendency of the proceedings. *Id*. at 3.

After the detention hearing, Defendant was taken into ICE custody. (Doc. 31 at 3.) Based on the existence of an immigration detainer, on January 8, 2020, she was removed from the United States and returned to Mexico. *Id*. at 3. The same day that she was removed to Mexico, Defendant's case was presented to a grand jury and she was indicted. *Id*. After failing to appear at her initially scheduled arraignment as well as at a later rescheduled arraignment, the Court issued an arrest warrant. *Id*. at 3-4. The grounds for the warrant were that Defendant failed to comply with all the terms of her pretrial release; namely, that she failed to maintain contact with pretrial services. *Id*.

Defendant, through counsel, moved the Court to dismiss the indictment pursuant to its supervisory powers. (Doc. 17.) The Government opposed her motion. (Doc. 23.) As mentioned, Magistrate Judge Rateau recommends that this Court grant Defendant's motion and dismiss the indictment. (Doc. 31.)

## II. STANDARD OF REVIEW

On review of a magistrate judge's R&R, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28

U.S.C. § 636(b)(1). The advisory committee's notes to Rule 72(b) of the Federal Rules of Civil Procedure state that, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a magistrate judge. Fed. R. Civ. P. 72(b) advisory committee's notes to 1983 edition. *See also Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012 (reviewing for clear error unobjected-to portions of report and recommendation); *Thomas v. Arn*, 474 U.S. 140, 149 (noting that district courts are not required to conduct "any review at all…of any issue that is not the subject of an objection.").

### III.   THE REPORT AND RECOMMENDATION

In seeking dismissal of the indictment, Defendant argues that the Government's decision to remove her violated her constitutional and statutory rights. As a result, she argues the Court should dismiss the indictment pursuant to its supervisory powers. (Doc. 31 at 5.) The Government argues that it was not required to choose between prosecution and deportation. It urges that the Court's exercise of its supervisory powers are inappropriate, where, as here, Defendant's removal was not contrary to the Bail Reform Act ("BRA") or the Immigration and Nationality Act ("INA"). *Id*. The Government also argues that no Sixth Amendment violation resulted from Defendant's removal and that her speedy trial rights were tolled due to her failure to stay in contact with pretrial services. *Id*. Finally, the Government argues that should the Court find dismissal is appropriate, dismissal should be without prejudice. *Id*.

As laid out in the R&R, the district court may exercise its supervisory powers and dismiss an indictment for three reasons: (1) to remedy a constitutional or statutory violation; (2) to protect judicial integrity by ensuring that a conviction rests on appropriate considerations; and (3) to deter future illegal conduct. *United States v. Barrera-Moreno*, 951 F.2d 1089, 1091 (9th Cir. 1991); *see also United States v. Hasting*, 461 U.S. 499, 505 (1983) (federal courts' "supervisory powers are threefold"). Dismissal of an indictment is "appropriate when the investigatory or prosecutorial process has violated a federal

1    constitutional or statutory right and no lesser remedial action is available." *Barrera-*
2    *Moreno*, 951 F.2d at 1092.

3          Judge Rateau sets forth that the interplay between the BRA and the INA "under
4    circumstances materially indistinguishable from those of this case has been addressed
5    repeatedly by the District Judges and Magistrate Judges of the District of Arizona." (Doc.
6    31 at 5-6, citing *United States v. Sanchez-Vasquez*, No. CR-20-2239-TUC-JGZ (BGM),
7    2021 WL 4430835 (D. Ariz. June 23, 2021), adopted in part by 2021 WL 4427063 (D.
8    Ariz. Sept. 27, 2021); *United States v. Escobar-Mariscal*, No. CR-19-2777-001-TUC-RM
9    (DTF), 2020 WL 4284406 (D. Ariz. July 27, 2020); *United States v. Munoz-Garcia*, 455
10   F. Supp. 3d 915 (D. Ariz. 2020); *United States v. Castro-Guzman*, No. CR-19-2992-TUC-
11   CKJ (LCK), 2020 WL 3130395 (D. Ariz. May 11, 2020), adopted by 2020 WL 3130397
12   (D. Ariz. June 1, 2020); Lutz, 2019 WL 5982827; *United States v. Coronado-Vejar*, No.
13   CR-19-01962-001-TUC-RM (BGM), 2020 WL 2782502 (D. Ariz. May 29, 2020); *United*
14   *States v. Calderon-Lopez*, No. CR-19-003027-001-TUC-RM (DTF), 2020 WL 2616034
15   (D. Ariz. May 22, 2020); *United States v. Laurean-Lozoya*, No. CR-18-0700-TUC-RM
16   (BGM), 2018 WL 5928169 (D. Ariz. Oct. 23, 2018), adopted by 2018 WL 5924181 (Nov.
17   13, 2018)). Informed by these cases, Magistrate Judge Rateau found that the Government
18   in this case failed to satisfy its burden of proving excusable delay based on Defendant's
19   absence.  As a result, Magistrate Judge Rateau determined that she could not recommend
20   that Defendant's rights under the Speedy Trial Act, 18 U.S.C. § 3161(c)(1), had not been
21   violated. *See* Doc. 31 at 8-11.

22         Having reviewed the record in this case and the foregoing cases from this district
23   referenced by Magistrate Judge Rateau, the Court finds no clear error with Magistrate
24   Judge Rateau's conclusion that the Government has failed to satisfy its burden to establish
25   that the Defendant's absence was the result of excusable delay. As a result, the Court agrees
26   with Magistrate Judge Rateau's recommendation that because of the Government's
27   violation of the Speedy Trial Act the indictment must be dismissed. *See* Doc. 31 at 11
28   (citing 18 U.S.C. § 3162(a)(2) ("If a defendant is not brought to trial within the time limit

required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant.")).

Judge Rateau also examined a defendant's Sixth Amendment right to counsel. (Doc. 33 at 11-12.) The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right … to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense." *Id*. at 11 (quoting U.S. Const. amend. VI). As Judge Rateau recognized, "the right to personal presence at all critical stages of the trial and the right to counsel are fundamental rights of each criminal defendant . . . ." *Rushen v. Spain*, 464 U.S. 114, 117 (1983). "[T]o deprive a person of counsel during the period prior to trial may be more damaging than denial of counsel during the trial itself." *Maine v. Moulton*, 474 U.S. 159, 170 (1985).

Magistrate Judge Rateau rejected the Government's argument that Defendant's right to counsel has not been violated by her removal because Defendant could consult with counsel by telephone or be paroled into the United States to meet with counsel. (Doc. 11 at 11-12.) Magistrate Judge Rateau concluded that while "hypothetically the Government's contentions could prove to be true," there is no evidence Defendant has access to a phone and both the defense and Government have advised that Defendant's whereabouts are unknown. (Doc. 33 at 12.) Magistrate Judge Rateau also found that even if the Government could find Defendant and parole her in, such an arrangement would place additional burdens on Defendant and her counsel. *Id*. Magistrate Judge Rateau found that "the situation could have been avoided had the prosecution coordinated with ICE to pursue Defendant's prosecution prior to [her] deportation." Doc. 33 at 12 (quoting *Calderon-Lopez*, 2020 WL 2616034, at *3). The Court finds no clear error with Magistrate Judge Rateau's conclusion that the Government's action have violated Defendant's right to counsel under the Sixth Amendment.

Magistrate Judge Rateau recommends dismissal of the indictment with prejudice reasoning that "[t]he Government, acting through ICE, has repeatedly been rebuked for proceeding in this manner." (Doc. 33 at 14.) Judge Rateau notes that despite the existence

of these repeated rebukes, "this remedy largely has proven ineffective in deterring the resulting statutory and constitutional violations, [but] it is the most severe remedy at the Court's disposal and is therefore appropriate." Finding no clear error in this recommendation, this Court agrees.

### IV.   CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED ACCEPTING AND ADOPTING IN FULL** the Report and Recommendation (Doc. 31).

**IT IS FURTHER ORDERED GRANTING** Defendant's Motion to Dismiss Indictment (Doc. 17) and **DISMISSING WITH PREJUDICE** the indictment in the above-captioned matter against Defendant Celia Nataly-Monteverde.

Dated this 28th day of October, 2021.

_____
Honorable John C. Hinderaker
United States District Judge